IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case Number: 00-6042-CR-ZLOCH**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

BELINDA McNAIR,

       Defendant.

_____/

## DEFENDANT BELINDA McNAIR' REQUEST FOR A MENTAL EVALUATION

COMES NOW, the Defendant, BELINDA McNAIR, by and through her undersigned counsel who hereby, pursuant to Title 18 U.S.C. § 4241 and Title 18 U.S.C. § 3006A, files this Motion Requesting a Mental Evaluation. The grounds therefor are as follows:

1. That the Defendant, BELINDA McNAIR is indigent and undersigned counsel has been appointed to represent her pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

2. That this request for a psychological evaluation is being made due to the observations of undersigned counsel and her staff, as well as the fact that Ms. McNair is presently taking numerous medications, and has been on medication most of her adult life. the medications that Ms. McNair is presently taking are as follows:



1) Xanax  5 mg; 2) Paxil 20 mg, 3) Proxac. 10 mg., 4) Claudidin. 1 mg., 5) Ziac, 5 mg.

Upon information and belief there are possibly two other medications that Ms. McNair is taking. Additionally, since the inception of this case, Ms. McNair has exhibited bizara behavior. There have been occasions when my staff has called her and she has not been able to acknowledge who they were or on who's behalf they were calling. During the times that counsel and the Defendant have met, and there have been a few occasions since the appointment of counsel. Ms. McNair's ability to focus and "participate" in the meetings have been problematic.

3. That based upon the aforementioned problems, it is not possible for undersigned counsel, presently to adequately and effectively communicate with her Client. Counsel is not able to review any discovery with her, much less, is counsel able to receive meaningful feedback from Ms. McNair regarding the discovery.

4. That counsel would request that the Defendant be evaluated, not only on the issue of competency to stand trial, but also that she evaluated and that the necessary tests be performed in order to rule out the presence of psychotic behavior. manic depression or any other mental condition.

5. That competency, as well as mental disease in general, is of course not an exact science. That the Supreme Court has set forth a two-prong test in order to determined competency: (1) does the defendant have "sufficient present ability to consult with his

2

lawyer with a reasonable degree of rational understanding"; and (2) does the defendant have
"a rational as well as factual understanding of the proceedings against him". See Dusky v.
United States, 362 U.S. 402, 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960) (per curiam). That
the fact that a defendant may oppose a psychiatric examination, of course can be consistent
with competency as well as incompetency. See United States v.Johnson, 527 F.2d 1104 (4[th]
Cir. 1975) (defendant's opposition to psychiatric examination is just as consistent with
incompetency as it is with competency).That it is not possible to distinguish between
"volitional disruptive behavior from psychotic conduct" in the absence of a mental
evaluation. See United States v. Nichols, 56 F.3d 403 (2nd Cir. 1995).

7. That in addition, to settling the issue of defendant's competency, an evaluation is
being requested in order to properly prepare for the sentencing proceeding in this case,
should a conviction on this matter result. The defendant's behavior and/or mental condition
may very well be a mitigating factor which can form the basis for a departure from the
sentencing guidelines in this case, either or § 5K2.13 or §5K2.0 as well as Title 18 U.S.C.
§ 3553(b), which permits a district court to depart downward to address circumstances "of
a kind, or to a degree, not adequately taken into consideration by the Sentencing
Commission,". That given the fact that she is indigent, counsel is in need of the assistance
of the court, in terms of funds, in order to have her evaluated. That it is not clear whether
Title 18 U.S.C. § 4241 allows for the mental evaluation of a defendant for the purpose of

3

determining the existence, or non existence of a mental disease, which may be a mitigating factor at the time of sentencing. However, as an indigent defendant, Ms. McNair is in need of the court's assistance in order to have her evaluated for the purpose of determining her mental condition and how this condition may preclude her from assisting counsel in her defense and/or how it may serve to mitigate any potential sentence that she is to receive in this case should a conviction result. See United States v. Ruff, 1998 U.S. Dist. LEXIS 3656 (Middle Dist. Alabama 3-20-98).

8. That undersigned counsel has spoken to Bertha Mitrani, the Assistant United States Attorney on this case, who has indicated that she does not oppose this request for a mental evaluation.

WHEREFORE, the Defendant, BELINDA McNAIR, by and through his undersigned counsel respectfully moves this Honorable Court to enter an Order granting this request for a mental evaluation of Ms. McNair, both for the purpose of determining competency to stand trial and for the purpose of determining if Ms. McNair suffers from any mental disease or defect.

I HEREBY CERTIFY that a copy of the foregoing was furnished on this _12ᵗʰ_ Day of June, 2000 by US MAIL to Bertha Mitrani, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394.

4

RESPECTFULLY SUBMITTED.

ANA M. JHONES
Attorney for BELINDA McNAIR
330 Biscayne Boulevard
Suite 625
Miami FL 33132
(305) 374-4919
(954) 537-5565 BROWARD
(305)374-3748DADE FAX
(954) 568-1870 BROWARD FAX

BY: _____
ANA M. JHONES
FLA BAR# 771170