UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 00-6042-CR-Zloch**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BELINDA McNAIR,

    Defendant.

_____/

# DEFENDANT, BELINDA McNAIR'S REQUEST
## FOR INVESTIGATIVE COSTS and COSTS OF TRANSCRIPTION(s)

COMES NOW the Defendant, BELINDA McNAIR, by and through his undersigned counsel, and moves this Court pursuant to the Criminal Justice Act Title 18 U.S.C. 3006A for approval of investigative costs to exceed the statutory cap of $300, and as grounds therefore the Defendant will state as follows:

1) That the Defendant, BELINDA McNAIR has been charged in a superseding indictment with Count I: conspiracy to commit access device fraud in violation of Title 18 U.S.C. §1029(a)(2) and Count II, with knowingly and intentional use of an access devise with intent to defraud in violation of Title 18 U.S.C. § 1029(s)(2) and (2).

2) That this case involves a fraud investigation with extensive documentary discovery. That although Ms. McNair, the Defendant, is charged in a limited portion of the



overall conspiracy, it is anticipated that the Government, based on their representations, shall be utilizing unindicted co-conspirators and indicting co-conspirators to cooperate against Ms. McNair should she exercise her right to go to trial on these charges. That the investigative funds in this case are to be used for the purpose, primarily of investigating these potential government witnesses. That while the government is to provide the NCIC reports pertaining to these potential government witnesses criminal history, the NCIC reports are only the beginning of the inquiry and these reports have to be checked and the criminal history must be obtained and reviewed. Furthermore, there is investigation to be had as to the business connections of these witnesses and other aspects of their background. The investigative funds are being sought for this purpose.

3) That in addition, there are witnesses that need to be located and interviewed. Furthermore, the competency of this defendant has been placed at issue. That the Defendant is out on a personal surety bond. The Defendant has been treated by a physician, Dr. Ervin Barr, D.O., who has indicated that his consultation fee is $ 25.00 per every 15 minutes of consultation (See attached letter herein marked as **Exhibit "A"**). That in addition, medical records, extensive medical records must be obtained. Presently, undersigned counsel has simply requested the abstract of the records to study those, as a preliminary matter, before determining whether it is necessary to order more parts of her extensive medical file. The price of the abstracts, to date has been under $ 200.00 (See attached letter herein marked as

**Composite Exhibit "B"**).

4) That undersigned counsel has requested the assistance of McDermott Investigations, a private investigator in West Palm Beach, who has been previously authorized to perform investigative services under the Criminal Justice Act. That it has been explained to Ms. McDermott and her associates that the Court shall not reimburse for travel time from her West Palm Beach office to Miami, that any travel time in this matter must assume a point of origination as Miami and not West Palm Beach. He is aware of the hourly rates permitted under the Criminal Justice Act and is willing to assume the responsibility of this case under those rates and shall not request an hourly rate above that which is authorized.

5) That numerous witness have to be interviewed. These witnesses are from the Dade and Broward areas. That it is also anticipated that should this case result in a conviction, that extensive investigation shall have to be had in order to deal with the sentencing issues that are anticipated.

6) That undersigned counsel is not filing this motion Ex Parte. As such, counsel shall not go into any degree of detail, other than what has been provided above. However, should the court wish to have counsel provide more information ex parte, counsel shall do so upon request.

7) That while it is not possible to fully ascertain the amount of funds that shall

be needed in this matter. Presently, counsel would request authorization from the Court for an increase from the statutory cap of $ 300.00 to $ 1,500.00. Should these funds be exhausted, then counsel shall prevail upon the Court for a further increase. In this regard, the Court shall be kept apprized of the expenditures and the reasons for same.

## MEMORANDUM OF LAW

Ms. McNair is an indigent defendant, who is under indictment in this district. She has an extensive medical history, pertaining to both physical and mental issues. She is out on a personal surety bond and is in need of investigative funds with which to defend these charges that have been brought. Ms. McNair does not have any funds with which to defend herself and recognizing this fact, the Court appointed counsel pursuant to the Criminal Justice Act Title 18 U.S.C. § 3006A.

The Supreme Court has spoken on the absolute right of an indigent defendant to due process of law:

> This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.

Ake v. Oklahoma, 105 S.Ct. 1087 (1985)

The court went on to say that "... mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense". Ake, supra at 1093. Furthermore, "the State's interest in prevailing at trial-unlike that of a private litigant-is necessarily tempered by its interest in the fair and accurate adjudication of criminal cases". Ake, supra at 1094. The court went on to explain, in the context of Title 18 U.S.C. § 3006A, what due process requires "... in subsection (e) of the Criminal Justice Act.... Congress has provided that indigent defendants shall receive the assistance of all experts 'necessary for an adequate defense'"Ake, supra 1094.

The Court in Ake and the 11th Circuit in Moore v. Kemp, 809 F.2d 702 (11th Cir. 1987), both spoke to the need on the part of defense counsel to make a "threshold" showing justifying the request for funds.

> "...a defendant must demonstrate something more than a mere possibility of assistance from a requested expert; due process does not require the government automatically to provide indigent defendants with expert assistance upon demand. Rather, a fair reading of thee precedents is that a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.

Page 5

Moore v. Kemp, supra at 712.

Moreover, the ABA Standards for Criminal Justice Providing Defense Services (3d ed. 1992) addressed the "The third edition changes recognize the significant growth in defense services over the past decade, as well as the profound changes in interpretation of the constitutional right to counsel and the scope of the criminal sanction, as viewed by the United States Supreme Court." Specifically, Standard 5-1.4 "requires that defenders have the necessary resources for quality representation: 'The legal representation plan should provide for investigatory, expert, and other services necessary to quality legal representation. These should include not only those services and facilities needed for an effective defense at trial but also those that are required for effective defense preparation in every phase of the process. . .'"*Funds for Defense Expertise:* Monahan, Edward C. and Clark, James J.,*What National Benchmarks Require*, Champion, page 12, May 1997.

Ms. McNair has met this burden. In the recitation provided above, the defendant has demonstrated why the funds, in the form of investigative fees, are essential to his right to due process at the trial stage, and if necessary, at the sentencing phase of his case. Fundamental fairness mandates that he be able to offer objective proof to "confront the prosecution's evidence". Moore, at 712.

It is clear that the Department of Justice is aware of the inequity in the availability of resources between the government and an indigent defendant. It is obvious

to all of those involved in the criminal justice system that an indigent defendant is at a major disadvantage when faced with the burden of confronting and challenging the governments evidence in his trial. This inherit imbalance in our system was the topic of conversation on February 19th at the National Association of Criminal Defense Attorney's Midwinter Meeting of 1999, Assistant Attorney General James K. Robinson, head of the Department of Justice, Criminal Division. See CJA Funding –This Time, *Champion*, Vol. XXIII No. 3, April 1999.

Supreme Court Justice Hugo Black, as early as 1956 highlighted the plight of indigent defendants when he wrote. "Providing equal justice for poor and rich, weak and powerful alike is an age-old problem. Griffin v. Illinois, 351 U.S. 12, 16 (1956). It was in this case that the Supreme Court for the first time addressed the need of an indigent defendant for services other than counsel. Defendant Griffin who had been charged with armed robbery asked the state to supply him with a free trail transcript necessary for his appeal. The Court found that the State's refusal to supply the defendant with a free transcript violated the Equal Protection and Due Process Clauses of the Fourteen Amendment to the United States Constitution. Both of these provisions, wrote the Court "emphasized the central aim of our entire judicial system–all people charged with crime must, so far as the law is concerned, 'stand on an equality before the barr of justice in every American court".

WHEREFORE, Ms. McNair moves this Honorable Court to enter an Order increasing the statutory cap of $300.00 to a cap of $1,500.00 for investigative costs.

I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to Bertha Mitrani, Assistant US Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale FL 33301 this 15th day of June, 2000.

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
Telephone: (305) 374-4919 Dade
            (954) 537-5565 Broward
Fax        (305) 374-3414 Dade Fax
           (954) 568-1870 Broward Fax

BY: _____
FOR: Ana M. Jhones
Florida Bar #771170

Page 8