UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6042-CR-ZLOCH (s)

UNITED STATES OF AMERICA, :

v. :

BELINDA MCNAIR, :

Defendant. :
_____/



## UNITED STATES' MOTION FOR DETERMINATION
## OF DEFENDANT MCNAIR'S COMPETENCY TO STAND TRIAL

Pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the United States respectfully moves this Honorable Court for an Order committing defendant BELINDA MCNAIR to the custody of the Attorney General for placement in a suitable medical facility for the purpose for the purpose of undergoing a psychiatric or psychological examination. The grounds for this motion are as follow:

1.  On or about April 6, 2000, a Federal Grand Jury sitting in the Southern District of Florida returned a Superseding Indictment, against, among others, defendant MCNAIR. On or about April 19, 2000, defendant MCNAIR was arraigned on the Superseding Indictment.

2.  On or about June 13, 2000, defendant MCNAIR filed an unopposed motion for a psychiatric examination together with a motion to continue the trial setting which was scheduled to commence during the two week period beginning on June 19, 2000, so that a psychiatric evaluation could be conducted. On that same day, Magistrate Judge Barry S. Seltzer granted the defendant's motion for a psychiatric examination.

3.  On or about June 21, 2000, the Court granted defendant McNair's motion to continue,

and reset the trial for the two week period commencing August 14, 2000.

4.     On or about July 28, 2000, defendant MCNAIR filed a second motion for continuance, which outlined her efforts to procure a psychiatrist to conduct the psychiatric evaluation within the compensation rate permissible under the Criminal Justice Act.

5.     On or about August 11, 2000, the parties attended the calender call for this case. At that time, defense counsel requested a second continuance, explaining to the Court her difficulties in procuring a psychiatric examination. At that time, defense counsel was optimistic that she would be able to procure a psychiatrist during the month of September, 2000. The Court inquired as to the availability of the federal medical facility at Butner, and the undersigned Assistant explained that that option had been made available to defense counsel, but that defense counsel did not wish for defendant MCNAIR to be taken into custody for this purpose as she was presently on bond. The Court granted defendant MCNAIR's motion for continuance based on the need for a psychiatric examination. In so ordering, the Court explicitly advised defense counsel that it would be giving her until the end of September for the completion of the examination. If the examination was not completed by the end of September, the Court ordered the government to file a motion requesting that defendant MCNAIR be evaluated at a federal medical facility.

6.     The Government respectfully requests that this Court enter an order pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), committing defendant BELINDA MCNAIR to the custody of the Attorney General for placement in a suitable medical facility for the purpose for the purpose of undergoing a psychiatric or psychological examination. Although the defendant would technically be "in custody," the period of custody would be relatively brief (not to exceed thirty days) and would be at a hospital, not at a prison. Accordingly, the restraint on the defendant's liberty would not be

great, and the benefit of having the defendant thoroughly examined, as she herself has requested, would outweigh any burden of "custody."

7. On October 2, 2000, the undersigned spoke with defense counsel Ana Jhones to ascertain the status of the defendant's competency examination. Ms Jhones advised that she still had not been able to procure an examination, but was attempting to get her evaluated by Dr. Haber sometime during the week. The undersigned advised that she would be filing the instant motion and would include the foregoing statement as to Ms. Jhones' progress in procuring a psychiatric examination.

**WHEREFORE**, the United States respectfully requests that the Court grant this motion and enter an order pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), committing defendant BELINDA MCNAIR to the custody of the Attorney General for placement in a suitable medical facility for the purpose for the purpose of undergoing a psychiatric or psychological examination.

    Respectfully submitted,

    GUY A. LEWIS
    UNITED STATES ATTORNEY

    By: _____
    Bertha R. Mitrani
    Assistant United States Attorney
    Florida Bar No. 88171
    500 East Broward Boulevard
    Fort Lauderdale, Florida 33394
    Telephone: 954/ 356-7255
    Facsimile: 954/356-7336

cc:    Special Agent Caruso

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by regular first class mail on this 3rd day of October, 2000, to counsel for defendant MCNAIR:

Ana M.. Jhones, Esquire
330 Biscayne Boulevard
Miami, Florida 33132

Bertha R. Mitrani
Assistant United States Attorney