IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number #00-6042-CR-Zlock

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BELINDA MCNAIR,

    Defendant.

_____/

## DEFENDANT, BELINDA McNAIR'S NOTICE AS
## TO STATUS OF COMPETENCY EVALUATION

COMES NOW the Defendant, Belinda McNair, by and through undersigned counsel, who hereby files her status regarding a competency evaluation of the Defendant, and would state:

1. That a competency evaluation was requested and granted by magistrate Seltzer on June 13, 2000.

2. That counsel notified this Honorable Court at the last status conference as to the difficulties counsel had encountered obtaining a psychiatrist that would agree to perform this evaluation pursuant to mandates of the Criminal Justice Act.

3. That counsel unfortunately was in error with respect to the procedure that is called for in terms of payment of the initial evaluation to be had for competency and/or

mental condition or defect, pursuant to Title 18 U.S.C. §4241. That the statute requires that the cost of the initial competency evaluation is to be born by the Department of Justice.

4. That in the interim, counsel has obtained a psychologist, Dr. Leonard Haber, who agreed to perform the mental evaluation on Ms. McNair. This evaluation is currently scheduled for Tuesday, October 10, 2000. This evaluation was previously scheduled for today, October 4, 2000, but because of the weather and Ms. McNair having an appearance in civil court on the same date, the evaluation was postponed until next wee, October 10.

5. That undersigned counsel has been assured that this evaluation can take place and will take place on October 10, 2000.

6. That the Court had indicated that if Ms. McNair's evaluation was not completed in the month of September, that the Court would enter an Order remanding her into custody and would send her to Butner, North Carolina.

7. That undersigned counsel most respectfully requests that the Court allow this evaluation to take place in Miami. To hold against the Defendant her indigence status, as well as the error of undersigned counsel regarding the proper procedure under Title 18 U.S.C. §4241, would not be appropriate. Ms. McNair has legal custody of a 16 year old, who is disabled. That remanding her into custody would leave this child, for all intents and purposes, abandoned.

8. That undersigned counsel obtained an amended order from the Honorable

Judge Barry Seltzer, reflecting that this mental evaluation is pursuant to Title 18 U.S.C. §4241, as mandated by the statute, and therefore, this amended order is sufficient to ensure Dr. Haber's payment, that this is to come out of Department of Justice funds.

WHEREFORE, the Defendant, Belinda McNair, would most respectfully request that this Honorable Court take the aforementioned into consideration and that the Court allow the evaluation scheduled for October 10, 2000 to take place.

I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to Bertha Mitrani, Assistant US Attorney, 500 East Broward Boulevard, #700. Fort Lauderdale FL 33394-3002 this _____ day of October, 2000.

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
Telephone: (305) 374-4919 Dade
(954) 537-5565 Broward
Fax : (305) 374-3414 Dade Fax
(954) 568-1870 Broward Fax

BY: _____
FOR: Ana M. Jhones
Florida Bar #771170